**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SCOTT YORK,

Plaintiff,

vs.

UNITED STATES OF AMERICA, *et al.*,

Defendants.

Case No.: 2:26-cv-03204-GMN-BNW

**ORDER DENYING EMERGENCY MOTION FOR PRELIMINARY INJUNCTION, DISMISSING CASE, AND ORDERING PLAINTIFF TO SHOW CAUSE**

Pending before the Court is the Emergency Motion for Preliminary Injunction, (ECF No. 14), filed by Plaintiff Scott York. For the reasons discussed below, the Court DENIES the Motion for Preliminary Injunction, DISMISSES this action with prejudice, and ORDERS Plaintiff to show cause why he should not be labeled a vexatious litigant.

## I. BACKGROUND

Plaintiff initiated this action on September 30, 2026, with a 290-page Complaint (and 356 pages of exhibits) alleging that Defendants—various branches of the United States Government—have been using "directed energy weapons technologies" to control Plaintiff's mind and body since 2016. (*See generally* Compl., ECF No. 1). Subsequently, without permission from the Court, he filed a 307-page Amended Complaint with an additional 365 pages of exhibits. (*See generally* Am. Compl., ECF No. 11).

This action is not Plaintiff's first attempt to litigate these issues. The Court takes judicial notice of the following cases:[1]

///

[1] *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (holding that a court may take judicial notice of public records in another court).

1. <u>The California State Court Action (No. 22-st-cv-04279, L.A. Super. Ct.)</u>

Plaintiff sued various defendants, including the Judicial Council of California and the State Bar of California, for using "directed energy technologies/weapons . . . to control and manipulate [his] thoughts and actions." *York v. Jud. Council of Cal.*, No. B334623, 2025 WL 3770839, at *1 (Cal. Ct. App. Dec. 31, 2025) (alterations in original). The trial court sustained the Judicial Council's and the State Bar's demurrers without leave to amend because his allegations were implausible and entered judgment in favor of those two defendants in October 2023. *Id.* at *2. The appellate court affirmed, noting "[t]he absence of any coherent argument." *Id.* at *2–3.

Plaintiff seemingly filed a second amended complaint in October 2023 against the remaining defendants (and possibly new defendants). *See York v. Emmarex, LLC*, No. B348995, 2026 WL 2607482, at *1 (Cal. App. Dep't Super Ct. Sep. 3, 2026). He moved to certify a class of defendants including attorneys, judges, and community members allegedly involved in the use of directed energy weapons. *Id.* The trial court denied the motion, and the appellate court affirmed. *Id.* at *2–3. The case remains pending.

2. <u>The 2023 California Federal Action (No. 2:22-cv-09127-JAK (SP), C.D. Cal.)</u>:

Plaintiff sued the United States of America and various federal and state agencies alleging the use of "directed energy weapons" against him. *York v. United States*, No. 2:22-cv-09127-JAK (SP), 2023 WL 1811236, at *1 (C.D. Cal. Feb. 2, 2023). He filed a motion for a temporary restraining order and preliminary injunction to prohibit the defendants from "engaging in mind and body control activities." *Id.* The district judge denied the motion and summarily dismissed the complaint with prejudice, explaining that "plaintiff's fundamental allegations that he is being controlled by remote directed energy technologies/weapons are lengthy but largely conclusory, and are utterly implausible." *Id.* at *2. The Ninth Circuit

affirmed the dismissal. *York v. United States*, No. 23-55122, 2024 WL 260957, at *1 (9th Cir. Jan. 24, 2024), *cert. denied*, 145 S. Ct. 593 (2024).

3. <u>The Washington Action (No. 2:26-cv-03981-JNW, W.D. Wash.)</u>

Plaintiff's trucking company was sued in state court in December 2025 for failing to pay a loan on a commercial truck. (State Compl., Ex. A to Pet. Remov., ECF No. 1-2). Plaintiff removed the case to federal court in October 2026, arguing that the court had subject-matter jurisdiction over the lawsuit because the United States and its government agencies used "directed energy weapons" to compel him to establish the trucking company. (Pet. Remov. ¶¶ 7–8, ECF No. 1). Consequently, Plaintiff contends, the underlying state lawsuit "is a direct, fabricated byproduct of an active, extra-jurisdictional (*ultra vires*) federal racketeering enterprise." (*Id.* ¶ 7). The federal action is ongoing.

4. <u>The 2026 California Federal Action (No. 2:26-cv-01428-RGK-SP, C.D. Cal.)</u>:

Plaintiff sued the United States, various federal departments and their officers, the State Bar of California, and the Judicial Council of California in February 2026, alleging that they engaged in a conspiracy targeting him and others through the use of "directed energy weapons." (R. & R. at 1, ECF No. 7). The court dismissed the complaint with prejudice in March 2026 because "although [it] has more than 200 pages of lengthy allegations, the allegations are conclusory, unsupported by facts, and utterly implausible." (*Id.*); (*see also* Order re R. & R. at 1, ECF No. 8).

In summary, in the four years preceding this action Plaintiff brought at least three other lawsuits challenging the government's use of "directed energy weapons technologies" against him, and he appears to use these allegations as a defense in a fourth lawsuit (the Washington Action) in which he is a defendant. His filings in all actions have been voluminous. The two federal lawsuits which he initiated were dismissed with prejudice, and his state court lawsuit, while pending, has not met with much success.

## II. COMPLAINT AND MOTION FOR PRELIMINARY INJUNCTION

A court may dismiss a claim *sua sponte* under Federal Rule of Civil Procedure 12(b)(6) "where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). *Sua sponte* dismissal may be appropriate even before any defendants have answered or appeared. *See Abagnin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742–43 (9th Cir. 2008). In particular, a court may dismiss a claim that is "factually frivolous," meaning that the facts alleged are "clearly baseless, "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Nietzke v. Williams*, 490 U.S. 319, 327 (1989)).

Plaintiff's allegations—that the United States and its agencies used "directed energy weapons" against him to cause him to fail the bar exam, move states, and start a trucking company, among other accusations (*see generally* Compl.); (Am. Compl.)—are so inherently implausible that the Court cannot find any likelihood that he will ultimately prevail. The Complaint and the Amended Complaint are "factually frivolous" because "the facts alleged rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. Plaintiff's allegations, "[n]o matter how sincerely believed," are "simply too fantastic to warrant the expenditure of further judicial and private resources." *Athans v. Starbucks Coffee Co.*, No. CV-06-1841-PHX-DGC, 2007 WL 1673883, at *2 (D. Ariz. June 11, 2007).

Plaintiff's Motion for Preliminary Injunction suffers from the same defect. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because Plaintiff cannot show any likelihood of success, a preliminary injunction is not appropriate.

Accordingly, the Court DENIES the Motion for Preliminary Injunction and DISMISSES this action with prejudice.

## III. ORDER TO SHOW CAUSE

Based on the recent volume of similar litigation, the Court considers whether Plaintiff should be subject to a pre-filing injunction. The All Writs Act, 28 U.S.C. § 1651(a), empowers federal district courts to enjoin vexatious litigants who have a history of abusing the court's limited resources. *See De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Under the All Writs Act, a district court can order a person with lengthy histories of abusive litigation—a vexatious litigant—to obtain leave of the court before filing any future lawsuits. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1651(a)). Still, because a vexatious litigant order restricts a litigant's access to the courts, it "cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990).

As previously explained, this action is the third federal lawsuit initiated by Plaintiff in which he asserts the same allegations against the United States Government and its agencies. Both of Plaintiff's previous federal actions were dismissed with prejudice because of the inherent implausibility of his allegations. The most recent action, the 2026 California Federal Action, was dismissed just over six months before Plaintiff initiated this action. The California State Court action also raises the same allegations, and the trial court has so far entered judgment against at least two defendants because Plaintiff's allegations were implausible. Finally, Plaintiff removed the Washington Action to federal court to assert the same allegations as a defense to a breach-of-contract suit. All his lawsuits were initiated in the last four years, and Plaintiff's filings in each have been extremely lengthy.

Plaintiff's multiple lawsuits appear duplicative and frivolous. Numerous courts have unnecessarily spent judicial resources sifting through his voluminous, meritless filings. He is apparently undeterred by the repeated dismissal of his claims with prejudice. "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of

judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148. Consequently, the Court finds that a pre-filing injunction may be necessary to conserve judicial resources.

Before the Court enters a pre-filing injunction, Plaintiff must be given notice and an opportunity to be heard. *Molski*, 500 F.3d at 1057. Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why he should not be declared a vexatious litigant and have a pre-filing order entered against him.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion for Preliminary Injunction, (ECF No. 14), is **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff must **SHOW CAUSE** why he should not be labeled a vexatious litigant and subject to a pre-filing injunction. Plaintiff must file a response **not to exceed 10 pages** no later than **November 23, 2026.** The response must address only the issue of Plaintiff's vexatiousness and may not raise new issues or address the underlying allegations in his Complaint.

**DATED** this __6__ day of November, 2026.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT